**07 C 6681**

**JUDGE KOCORAS**
**MAGISTRATE JUDGE DENLOW**

# EXHIBIT C

# LOGAN LAW FIRM PLC

RONALD J. LOGAN

2999 NORTH 44th STREET, SUITE 303
PHOENIX, ARIZONA 85018-7250

WWW.RULE144LETTERS.COM

TELEPHONE: (602) 957-9320
FACSIMILE: (602) 926-8981
DIRECT LINE: (602) 614-4488
LOGAN@RULE144LETTERS.COM

May 30, 2007

Mr. John Fife
Suite 311
303 East Wacker Drive
Chicago, IL 60601

Heritage Trust Company
1320-4 King Street
Toronto, ON M5H 1B6

Dear Mr. Fife and Heritage Trust Company:

We understand that John Fife ("Lender") is giving consideration to making a recourse loan to Alex Hazan (the "Borrower" or "Pledgor") in the principal sum of $500,000.00. We have been informed that repayment of the promissory note ("Note") reflecting this debt by Borrower will be secured by the pledge of 1,000,000 of the shares of Royal Spring Water, Inc. (the "Company" or the "Issuer") owned by Borrower described below. Mr. Hazan, as President and CEO of Royal Spring Water, Inc., is an affiliate of Royal Spring Water, Inc. for purposes of Rule 144 of the Securities Act of 1933. Borrower has been asked by Lender to provide an opinion regarding certain legal issues regarding the Rule 144 legend on the stock certificate issued by Royal Spring Water, Inc. representing the shares that will be pledged as part or all of the security for said loan.

We understand that Certificate No. 00253 issued on May 25, 2007, by Royal Spring Water, Inc., representing 1,000,000 shares of common stock will be pledged by Mr. Hazan to secure the Note. We have been informed by Mr. Hazan that Certificate No. 00253 derived from Certificate No. 00134 representing 1,489,432 shares of Easy.Com, Inc. common stock that was issued to Mr. Hazan on July 28, 2005. Those shares were issued to Mr. Hazan by Easy.com, Inc., in connection with the acquisition on June 30, 2005, of Royal Spring Water, Inc., a privately owned company, by Easy.com, Inc., a publicly owned and traded company. Easy.com Inc. changed its name to Royal Spring Water, Inc. on February 7, 2006.

Mr. Hazan has represented to us that these shares are free and clear of any claims by other persons and that there are no recorded liens or encumbrances against these shares.

This opinion is given at the request and with the consent of the Borrower/Pledgor, who has made the following representations to us:

Mr. John Fife
Heritage Trust Company
May 30, 2007
Page 2

1. The Borrower/Pledgor owns the Common Stock free and clear of any claims by third parties;

2. The Borrower/Pledgor acquired and fully paid for the stock to be pledged more than one (1) year ago;

3. The Note is a *bona fide* loan for valuable consideration, upon which the Borrower/Pledgor will be personally liable with full recourse, in the event of a default;

4. The Note is secured by the Pledge of the common stock described herein;

5. The loan evidenced by the Note is not a disguised sale and the Borrower/Pledgor has every intention to repay the Note at maturity or earlier in the event of a default;

6. The Borrower/Pledgor intends for the Lender to rely on the representations made in the letter presented to us in making the loan;

7. Upon repayment of the loan, the Borrower/Pledgor and the Lender have agreed that the stock to be pledged will be released from the security interest evidenced by the pledge; and

8. Borrower, in his capacity as President and CEO of Royal Spring Water, Inc. verifies that the Issuer is duly organized and validly existing as a corporation under the laws of the State of Nevada, and the Issuer has informed us that the stock to be pledged was validly issued, fully paid and non-assessable.

9. According to the SB-2 filed by Royal Spring Water, Inc. on May 4, 2007, 30,072,000 shares of Common Stock outstanding as of May 4, 2007.

Under Rule 144, these affiliates are limited to selling up to one percent (1%) of the issued and outstanding shares of the Company's common stock (300,720 shares as of the date of this letter) during any three-month period. We have assumed for purposes of this letter that the Company's issued and outstanding shares will not be reduced at any relevant time by a reverse split, a repurchase of shares by the Company or any other action that would cause the number of issued and outstanding shares to be fewer than those stated in the most recent public filing of information by the Company.

Mr. John Fife
Heritage Trust Company
May 30, 2007
Page 3

I have been informed by Borrower that the shares represented by these certificates are restricted securities owned by affiliates of the Company within the meaning of Securities Act Rule 144 ("Rule 144"), that the certificates are marked with a legend to this effect, and that the stop transfer books are marked with a stop order with respect to these securities.

Borrower have requested my opinion as to (1) whether these shares are subject to Rule 144 and the Securities Act of 1933 and (2) whether, if Lender should acquire the pledged shares from Borrower under the terms of the Note and Stock Pledge Agreement and if Lender should comply in all respects with Rule 144 and the Securities Act of 1933 on any date after the date of this letter, Lender would be permitted to sell up to 300,720 shares during any three-month period following (a) the filing of a Form 144 with the Securities Exchange Commission, (b) the submission of the required documents by the sellers' securities broker, (c) issuance of a Rule 144 legal opinion acceptable to the Company and (d) the Company providing a final release to its stock transfer agent.

In connection with the proposed sale I have examined the following documents, copies attached, forwarded to me in connection with this request:

1. Representations letter from Alex Hazan, CEO of Royal Spring Water, Inc. dated May 30, 2007, regarding the history of Certificate No. 00253 representing 1,000,000 shares in the name of Alex Hazan and other representations of Borrower set forth in this letter;

2. Copies of the front and back of Certificate No. 00253 issued on May 25, 2007, representing 1,000,000 shares of common stock of Royal Spring Water, Inc. in the name of Alex Hazan;

3. Copies of the front of Certificate No. 00143 issued on July 28, 2005, representing 1,489,432 shares of common stock in the name of Alex Hazan, from which Certificate No. 00253 was derived;

4. Copy of Exhibit A of Form 14(c) filed by Company dated February 9, 2006, giving notice of the name change from Easy.com, Inc., to Royal Spring Water, Inc.

5. Copy of page 6 from the SB-2 filed by Royal Spring Water, Inc. on May 4, 2007, which states the number of issued and outstanding shares and is attached;

6. Copy of form of the Series 2007 Secured Original Issuer Discount Note;

Mr. John Fife
Heritage Trust Company
May 30, 2007
Page 4

7. Copy of the form of the Stock Pledge Agreement.

Regarding all factual matters, we have relied exclusively upon the representations and information contained in the documents listed above that was submitted to us by the Borrower. We have not independently verified any representations by Borrower. We have assumed that all documents and signatures are genuine and representations true and have no reason to believe that any such document or signature is not genuine or that any such representation is not true.

Based upon that examination, it is our opinion that, if these shares are acquired by Lender under the terms of the Note and Stock Pledge Agreement, the pledged shares will be subject to and may be sold in compliance with Rule 144 of the Securities Act. It is our opinion that, pursuant to Rule 144(d)(3)(iv), these are "securities which are bona fide pledged by an affiliate of the issuer" and "when sold by the pledgee, or by a purchaser, after a default in the obligation secured by the pledge, shall be deemed to have been acquired when they were acquired by the pledgor...." Because the securities have been pledged to secure a recourse Note, the Lender's holding period would relate back to the time the Borrower fully paid for the shares on June 30, 2005, in the event that Lender successfully forecloses on the pledged shares.

It is also our opinion that:, if Lender acquires Borrower's shares through foreclosure or any other legal means, Borrower would be entitled to have the restrictive legend removed from any certificate(s) representing the pledged shares pursuant to Rule 144(k) on or after June 30, 2007, provided that (a) Lender is not an affiliate or control person of the Issuer at that time, (b) Lender is otherwise eligible to have the restrictive legend removed under Rule 144(k), and (c) Lender and its broker fully comply with all other requirements of state and federal law regarding removal of the restrictive legend.

Based upon the written representations by Mr. Hazan and other documents attached to this letter, it is our opinion that Mr. Hazan's holding period regarding these shares for purposes of Rule 144 of the Securities Act began to run on June 30, 2005, and that, if the pledged shares shall be foreclosed upon by the Lender, a one-year holding period under Rule 144 would apply and the running of such holding period would begin on the date of the loan for which such stock was pledged as security.

Compliance with Rule 144 and the Securities Act of 1933 would require all necessary documentation to be provided by Lender and its broker-dealer. Approval of (1) the compliance officer of any broker-dealer or clearing firm involved in the transaction, (2) the Issuer and (3) the stock transfer agent for the Issuer as well as compliance by all parties with all applicable state and federal laws, rules and regulations will be necessary components of any future sale of these shares.

Mr. John Fife
Heritage Trust Company
May 30, 2007
Page 5

As to various questions of fact material to this opinion, I have made such factual inquiries of Borrower, and I have examined such other documents and made such examinations of applicable federal securities laws, as I have deemed necessary for purposes of the opinions expressed herein. However, where I state that a matter is to the best of my knowledge, I have relied upon the written statements of the Borrower and the Company with no inquiry as to the facts other than as necessary to establish that such reliance was reasonable on my part. I express no opinion regarding the meaning or effect of the laws of any state except those of Arizona, where I am a licensed attorney.

This opinion is furnished to Lender and Heritage Trust Company, the stock transfer agent for Royal Spring Water, Inc., specifically in connection with the pledge of the shares and the subsequent transfer of such shares to or at the direction of the Lender, if the same shall be required upon an uncured default of Borrower under the Note, Stock Pledge Agreement and/or related closing documents, and is solely for the information and benefit thereof. This letter may not be relied upon by the Transfer Agent in any other connection, and it may not be relied upon by any other person or entity for any purpose without our prior written consent.

Any future removal of the restrictive legend from the pledged certificate will depend on circumstances that exist as of the date on which removal of the legend is sought and Issuer, Lender's broker-dealer, a clearing firm or the stock transfer agent may require a separate legal opinion stating whether the owner of the shares is eligible to sell the shares under Rule 144 or to remove of the restrictive legend pursuant to Rule 144(k) at that time. The opinions set forth herein are rendered as of the date hereof, and we will not supplement this opinion with respect to changes in the law or factual matters subsequent to the date hereof

Very truly yours,

*Ronald J. Logan*

Ronald J. Logan

RJL\cmc

May 30, 2007

Mr. Ronald J. Logan
Logan Law Firm PLC
Suite 303
2999 North 44th Street
Phoenix, AZ 85018

Re: Proposed loan by John Fife to Alex Hazan

Dear Mr. Logan:

I am the President and CEO of Royal Spring Water, Inc. (the "Company"). Royal Spring Water, Inc. is a public owned, reporting and trading company whose trading symbol is RSPG.OB. John Fife ("Lender"), is giving consideration to making a loan to me in the principal sum of $500,000.00. I have been asked to pledge 1,000,000 shares of common stock of Royal Spring Water, Inc. represented by Certificate No. 00253 Issued on May 25, 2007.

The representations in this letter are true and are intended to form the basis of your legal opinion and I understand that the Lender will rely upon these representations in making a loan to me.

1. The shares to be pledged were originally issued to me by Easy.com, Inc., in connection with the Company's acquisition on June 30, 2005, of Royal Spring Water, Inc., a privately owned company. The Company issued 1,489,432 shares of common stock represented by Certificate No. 0143 in my name dated July 28, 2005. These shares were fully paid on or before June 30, 2005;

2. I am an affiliate of the Company for purposes of Rule 144 of the Securities Act of 1933;

3. The Note is a *bona fide* loan for valuable consideration, upon which I will be personally liable with full recourse, in the event of a default;

4. The Note is secured by the Pledge of the common stock described herein;

5. The loan evidenced by the Note is not a disguised sale;

5. I intend to repay the Note at maturity or earlier in the event of a default, and, upon repayment of the loan, the Lender and I have agreed that the stock to be pledged will be released from the security interest evidenced by the pledge.;

6. Royal Spring Water, Inc. is duly organized and validly existing as a corporation under the laws of the State of Nevada;

7. Easy.com Inc. changed its name to Royal Spring Water, Inc. on February 7, 2006;

8. According to the SB-2 filed by Royal Spring Water, Inc. on May 4, 2007, 30,072,000 shares of Common Stock outstanding as of May 4, 2007. This is a correct number of the issued and outstanding shares of the Company as of that date;

9. The shares represented by these certificates are restricted securities owned by affiliates of the Company within the meaning of Securities Act Rule 144. The certificate is marked with a legend to this effect, and the stop transfer books are marked with a stop order with respect to these securities; and

10. These shares are free and clear of any claims by other persons and that there are no recorded liens or encumbrances against these shares.

Regards,

Alex Hazan
Individually

*[signature]*

Alex Hazan
President and CEO
Royal Spring Water, Inc.

# EXHIBIT D

**JOHN M. FIFE**
**303 EAST WACKER DRIVE SUITE 311**
**CHICAGO, ILLIONIS 60601**

June 26, 2007

Alex Hazan
Royal Spring Water Inc.
146 Bogey Crossing
Henderson, NV 89094

Dear Mr. Hazan,

Reference is made to that certain Series 2007 Secured Original Issue Discount Note, dated May 13, 2007 (the "Note"), issued by Alex Hazan (the "Maker") for the benefit of John Fife (the "Holder"). Pursuant to Section 3(g) of the Note, the Maker agreed not to allow the value of the average daily trading volume for Royal Spring Water Inc. Common Stock (the "Stock") to fall below one hundred fifty thousand ($150,000) dollars during any consecutive ten-day trading period. According to Section 3(g) of the Note, the value of the trading volume would be found by multiplying the volume-weighted average price (the "VWAP") of the Stock by the volume of the Stock, each as reported by Bloomberg, L.P.

The ten-day average value of the volume of the Stock has been consistently below one hundred fifty thousand dollars since May 30, 2007 (please see attached spreadsheet). Please note that this shortfall in the average value of the volume of the Stock has created an Event of Default under Section 4 of the Note with the Default amount due and payable.

Please call me, my counsel Merrill Weber (at 773-406-2386), or my office legal assistant Matthew Tolman (at 312-297-7008), if you have any questions.

Sincerely,

*[signature]*
John M. Fife

## ROYAL SPRING WATER INC.

| Date | Price (VWAP) | Volume | Volume Value | 10 day Average |
|---|---|---|---|---|
| 26-Jun | $ 2.00 | 1200 | $ 2,400.00 | $ 44,137.50 * |
| 25-Jun | $ 2.00 | 8100 | $ 16,200.00 | $ 46,199.58 * |
| 22-Jun | $ 2.00 | 500 | $ 1,000.00 | $ 44,666.78 * |
| 21-Jun | $ 1.95 | 20426 | $ 39,830.70 | $ 55,157.14 * |
| 20-Jun | $ 1.90 | 51143 | $ 97,171.70 | $ 66,660.53 * |
| 19-Jun | $ 2.05 | 52804 | $ 108,248.20 | $ 59,071.84 * |
| 18-Jun | $ 2.14 | 36860 | $ 78,880.40 | $ 50,566.76 * |
| 15-Jun | $ 2.15 | 3400 | $ 7,310.00 | $ 53,987.72 * |
| 14-Jun | $ 2.12 | 10700 | $ 22,630.50 | $ 64,565.72 * |
| 13-Jun | $ 2.15 | 31490 | $ 67,703.50 | $ 67,567.16 * |
| 12-Jun | $ 2.18 | 10560 | $ 23,020.80 | $ 79,968.57 * |
| 11-Jun | $ 2.18 | 400 | $ 872.00 | $ 86,864.49 * |
| 8-Jun | $ 2.20 | 48138 | $ 105,903.60 | $ 101,592.31 * |
| 7-Jun | $ 2.20 | 70393 | $ 154,864.60 | $ 93,671.35 * |
| 6-Jun | $ 2.15 | 9923 | $ 21,284.84 | $ 109,281.85 * |
| 5-Jun | $ 2.18 | 10641 | $ 23,197.38 | $ 125,004.97 * |
| 4-Jun | $ 2.15 | 52600 | $ 113,090.00 | $ 130,765.23 * |
| 1-Jun | $ 2.15 | 52600 | $ 113,090.00 | $ 128,336.23 * |
| 31-May | $ 2.15 | 24486 | $ 52,644.90 | $ 125,916.43 * |
| 30-May | $ 2.23 | 85972 | $ 191,717.56 | $ 141,331.94 * |
| 29-May | $ 2.10 | 43800 | $ 91,980.00 | $ 155,062.98 |
| 25-May | $ 2.20 | 67341 | $ 148,150.20 | $ 194,081.39 |
| 24-May | $ 2.00 | 13347 | $ 26,694.00 | $ 206,356.30 |
| 23-May | $ 2.03 | 153187 | $ 310,969.61 | $ 220,031.38 |
| 22-May | $ 2.00 | 89258 | $ 178,516.00 | $ 239,426.51 |
| 21-May | $ 2.00 | 40400 | $ 80,800.00 | $ 233,448.59 |
| 18-May | $ 2.00 | 44400 | $ 88,800.00 | $ 237,105.46 |
| 17-May | $ 2.00 | 44446 | $ 88,892.00 | $ 253,387.69 |
| 16-May | $ 2.00 | 103400 | $ 206,800.00 | $ 260,611.29 |
| 15-May | $ 2.10 | 156680 | $ 329,028.00 | $ 244,481.29 |
| 14-May | $ 2.05 | 235202 | $ 482,164.10 | $ 221,859.49 |
| 11-May | $ 2.05 | 132146 | $ 270,899.30 | $ 180,229.95 |
| 10-May | $ 2.11 | 77646 | $ 163,444.83 | |
| 9-May | $ 2.21 | 228471 | $ 504,920.91 | |
| 8-May | $ 2.08 | 57085 | $ 118,736.80 | |
| 7-May | $ 2.19 | 53593 | $ 117,368.67 | |
| 4-May | $ 2.19 | 114896 | $ 251,622.24 | |
| 3-May | $ 2.20 | 73240 | $ 161,128.00 | |
| 2-May | $ 2.50 | 18200 | $ 45,500.00 | |
| 1-May | $ 2.50 | 41124 | $ 102,810.00 | |
| 30-Apr | $ 2.25 | 29275 | $ 65,868.75 | |

# EXHIBIT E

**JOHN M. FIFE**
**303 EAST WACKER DRIVE SUITE 311**
**CHICAGO, ILLIONIS 60601**

July 10, 2007

Alex Hazan
Royal Spring Water Inc.
146 Bogey Crossing
Henderson, NV 89094

Dear Mr. Hazan,

Reference is made to that certain Stock Pledge Agreement, entered into as of May 13, 2007 (the "Agreement"), by and between Alex Hazan (the "Pledgor") for the benefit of John Fife (the "Secured Party") (Pledgor and Secured Party collectively the "Parties"). Pursuant to Section 1 of the Agreement, the Pledgor agreed to pledge shares of Royal Spring Water Inc. Common Stock (the "Stock") as collateral on a secured note between the Parties of even date as the Agreement with a maturity amount of $637,500 (the "Note"). The Pledgor pledged 1,000,000 shares of Stock (the "Pledged Shares") and agreed to pledge additional shares of Stock, if necessary, to maintain the value of the collateral Pledged Shares at 300% of the Note's maturity amount, or a total of $1,912,500.

According to Section 1 of the Agreement, the value of the Pledged Shares (the "Market Value") is the five-day average volume-weighted average price (the "VWAP") of the Stock as reported by Bloomberg, L.P. The VWAP of the Stock for the five trading days immediately preceding July 10 (July 2,3,5,6,9) were $1.87 (July 2), $1.885 (July 3), $1.79 (July 5), $1.65 (July 6), $1.405 (July 9). Accordingly, the Market value of the Pledged Shares was $1.72 on July 10, 2007, and the total value of the Pledged Shares was $1,720,000, which is a shortfall of $192,500 in the value of the Note's collateral.

Pursuant to the Agreement, you are required to deliver to the Secured Party additional Stock certificates necessary to bring the value of the Pledged Shares above 300% of the Note's Maturity Amount. Based on the July 10 Market Value, you are required to deliver an additional 111,919 Shares, together with stock powers in blank, medallion guaranteed; an amendment to Schedule 1 of the Agreement setting forth the information about the newly delivered Shares; and an irrevocable Letter of Instruction to the Transfer Agent. Please note that, pursuant to Section 1 of the Agreement, these additionally Shares must have been acquired by Pledgor no later than two years prior to the date they are delivered. Please note that this shortfall in the value of the Pledged Shares has created an Event of Default under Section 4 of the Note and Section 11 of the Agreement and must be cured within 5 days.

Please call me, my counsel Merrill Weber (at 773-406-2386), or my office legal assistant Matthew Tolman (at 312-297-7008), if you have any questions.

Sincerely,

*[signature]*

John M. Fife

# EXHIBIT F

**JOHN M. FIFE**
**303 EAST WACKER DRIVE SUITE 311**
**CHICAGO, ILLIONIS 60601**

October 10, 2007

Alex Hazan
Royal Spring Water Inc.
146 Bogey Crossing
Henderson, NV 89094

Dear Mr. Hazan:

As you know, on May 13, 2007, in consideration for my advancing funds to you, you executed and delivered to me the Secured Original Discount Note (the "Note"), pursuant to which you agreed to pay me six hundred thirty-seven thousand five hundred dollars ($637,500). On the same day, pursuant to a Stock Pledge Agreement (the "Agreement"), you pledged one million (1,000,000) shares of Royal Spring Water Inc. common stock (the "Pledged Shares") as security to collateralize your obligations under the Note, and you further agreed to pledge additional shares, if necessary to do so in order to maintain the value of the Pledged Shares at 300% of the maturity amount of the Note.

As you are aware, the Note went into default on May 30, 2007, when the average daily trading volume for Royal Spring Water, Inc. common stock fell below the required minimum liquidity threshold of one hundred fifty thousand dollars ($150,000) during a consecutive ten-day trading period. Accordingly, on June 26, 2007 I sent you a default notice with respect to this volume-based default.

Subsequently, due to a decline in the market price of the common stock of Royal Spring Water, Inc., on July 10, 2007, the market value of the Pledged Shares became insufficient to adequately collateralize the Note in accordance with its terms, and I sent you a notice of default on that date, demanding that this shortfall be cured within five days by your pledge of additional Pledged Shares. Regrettably, you did not deliver additional Pledged Shares; pay down the outstanding balance on the Note; or take any other action to cure this collateral-based default.

Because of your failure to cure these defaults, the entire Note balance became due and payable, and I commenced exercising my right, provided in Section 11(a) of the Agreement, to sell Pledged Shares in order to recover amounts due to me. While I recovered five hundred thirty-seven thousand, one hundred ninety-five dollars and sixty-two cents ($537,195.62), there remains an unpaid balance equal to one hundred thousand, three hundred four dollars and thirty-eight cents ($100,304.38) plus default interest (accrued since May 30, 2007) equal to twenty-nine thousand, two hundred sixty dollars and ninety-three cents ($29,260.93), for a total balance due, as of the date hereof, in the amount of one hundred twenty-nine thousand five hundred sixty-five dollars and thirty-one cents ($129,565.31).

Mr. Alex Hazan
October 10, 2007
Page 2

Please make full payment of one hundred twenty-nine thousand five hundred sixty-five dollars and thirty-one cents ($129,565.31), representing the amount that remains unrecovered pursuant to the Note.

It is my hope that this matter will be resolved amicably, and that recourse to litigation will prove unnecessary. In order for this to occur, your cooperation is crucial.

Sincerely,

John M. Fife