IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN FIFE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No: 07 C 6681 |
| | ) |
| ALEX HAZAN, | ) Honorable Charles P. Korocas |
| | ) Magistrate Judge Denlow |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff John Fife ("Plaintiff" or "Fife"), by and through his attorneys, Wildman, Harrold, Allen & Dixon LLP, and pursuant to Federal Rule of Civil Procedure 55(b)(2), hereby moves for default judgment against the Defendant, Alex Hazan, ("Defendant" or "Hazan"), as follows:

1. On November 28, 2007, Plaintiff filed his Complaint against Hazan relating to Hazan's default under the "Series 2007 Secured Original Issue Discount Note Due November 13, 2007" ("Promissory Note"), and his failure to reimburse the Plaintiff for amounts due and owing. (Complaint (Docket No. 1); Ex. A, Promissory Note.)

2. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, counsel for the Plaintiff notified Hazan by certified mail of the pending lawsuit and formally requested that Hazan waive service in this matter. (*See* Ex. B, Letter dated November 29, 2007.) Hazan's wife, Cheryl Hazan, received and signed for the letter on December 1, 2007. Hazan failed to return the waiver of service to counsel. *See* Fed. R. Civ. P. 4(d)(1)(F).

3. On January 14, 2008 at 3:25 p.m., Hazan's wife, Cheryl Hazan, was served at the Hazans' home located at 146 Bogey Crossing Street, Henderson, Nevada 89094. (*See* Ex. C, Affidavit of Service.) Hazan represented in the Promissory Note that he resided at this address. (Ex. A, Promissory Note at p. 1.)

4. Plaintiff's service of the summons and complaint on Hazan's wife constitutes valid substituted service under Federal Rule of Civil Procedure 4(e)(2)(B), among other provisions, and secures the Court's jurisdiction over Hazan. *See Hanna v. Plumer*, 380 U.S. 460, 461, 85 S. Ct. 1136, 1138, 14 L. Ed. 2d 8, 11 (1966) (holding service on wife at individual's residence constituted proper service under Rule 4(d)(1), now Rule 4(e)(2)).

5. Hazan was required to file an answer or otherwise respond to the Complaint by February 4, 2008. Fed. R. Civ. P. 12(a)(1)(A).

6. Hazan has not responded to the Complaint and has not entered an appearance, either personally or through counsel. Furthermore, Hazan has not contacted counsel for the Plaintiff.

7. The Court held a status hearing on this matter on January 29, 2008. Although counsel for Plaintiff notified Hazan of the hearing, he did not appear.

8. Hazan is in default due to his failure to file an appearance in this matter and his failure to file an answer or other response to the Complaint. Hazan's failure to respond means he has admitted the allegations in the Complaint. *See Black v. Lane*, 22 F.3d 1395, 1403 (7th Cir. 1994) (holding party admitted facts alleged in complaint by failing to file answer or otherwise respond); *Lansford Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209, 1226 (3d Cir. 1993) (same).

9.      Fife is entitled to damages, costs, and attorneys' fees in an amount to be demonstrated at a hearing to be set by the Court.  Hazan has defaulted under the Promissory Note and refused to pay Fife for the outstanding maturity amount under the note, which became due on June 20, 2007.  (Compl. ¶¶ 24-40; Ex. A, Promissory Note.)  Fife, therefore, commenced the sale of stock in Royal Spring Water, Inc. – stock that Hazan pledged as collateral to secure his promise to pay under the Promissory Note.  (Compl. ¶¶ 9, 17-21, 32-33.)

10.     Despite Fife's sale of the Royal Spring Water, Inc. stock, a shortfall of $100,304.38 still remains, which Hazan still owes to Fife.  (Compl. ¶¶ 19-20; Ex. A, Promissory Note §§ 4, 8.)  Consequently, Fife is entitled to damages of $100,304.38, exclusive of interest, costs, and attorneys' fees.

11.     Fife may also collect interest from Hazan on the outstanding maturity amount.  Under the Promissory Note, default interest of eighteen percent per annum began accruing on any outstanding maturity amount on or about June 20, 2007.  (Ex. A, Promissory Note §§ 4.)

12.     Finally, Fife can recover his attorneys' fees and costs in this matter.  Hazan agreed under the Promissory Note he would pay Plaintiff's its attorneys' fees and costs incurred in pursuit of this action.  (*Id*. § 10(e).)  Fife is also entitled to its costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure.  Hazan's failure to comply with the request for waiver of service mandates that the Court award Fife the costs of effecting service on Hazan, and any attorneys' fees incurred in securing these costs. Fed. R. Civ. P. 4(d)(2).

WHEREFORE, Plaintiff John Fife, respectfully requests that this Court enter an Order of default judgment against Defendant Alex Hazan in amount to be proven at a later hearing to be set by the Court.

Dated: February 8, 2008.

                                        JOHN FIFE

                              By: ___/s/ E. Timothy Walker_____
                                    One of the Attorneys for John Fife

Craig M. White, Esq. (#2999668)
E. Timothy Walker, Esq. (#6294608)
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois  60606-1229
(312)  201-2000

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney, certifies that on February 8, 2008, a copy of the foregoing was sent via certified mail, return receipt requested, and electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system which will send notification of such filing to the following:

Alex Hazan
146 Bogey Crossing Street
Henderson, Nevada 89094

                ___*/s/ E. Timothy Walker*___
                  E. Timothy Walker